Joseph Clyde Henry was convicted of the first degree burglary of the home of Edward J. Cobb and sentenced to fifteen years' imprisonment.
Taken from Cobb's home were two pistols, a shotgun, a watch, and a small amount of cash. The stolen guns were recovered and identified by Mr. Cobb. Appellant gave a statement to police in which he admitted breaking in with an ax and stealing the property.
Appellant raised this issue: Is a person who begins a burglary unarmed, but who steals a deadly weapon during a burglary, "armed with a deadly weapon" within the meaning of Ala. Code § 13A-7-5 (1975)? That statute reads in pertinent part:
 "A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he . . .
 (1) Is armed with . . . a deadly weapon. . . ." (emphasis added)
The statutory phrases "while in dwelling" and "in immediate Right therefrom" anticipate those instances when the perpetrator of a crime arms himself during the course of the crime or while fleeing from the scene. The fact that the weapon with which appellant armed himself belonged to his victim made appellant no less armed than he would have been had he brought the weapon with him.
As defined in § 13A-1-2 (11), Code of Alabama 1975, a deadly weapon is:
 "A firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury, and such term includes, but is not limited to, a pistol, rifle or shotgun;"
We have held that "any firearm is a deadly weapon for purposes of bringing the offense within the definition of robbery in the first degree." Carter v. State, 420 So.2d 292
(Ala.Cr.App. 1982). See also Lidge v. State, 419 So.2d 610
(Ala.Cr.App. 1982), cert. denied, 419 So.2d 616 (Ala. 1982).
The remaining contentions of appellant concern issues not preserved for our review.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 433