Cecil Eugene Bates was charged in a two-count indictment with burglary in the second degree and burglary in the third degree. Immediately prior to trial, the defendant pled guilty to the third degree burglary. Sentence was thirty years' imprisonment as a habitual offender. Counsel has filed a letter of no merit with regard to the appeal of that conviction.
A jury convicted the defendant of burglary in the second degree as charged in count two of the indictment. Sentence was fifty years' imprisonment as a habitual offender. Two issues are raised on the appeal of that conviction.
 I
This Court holds that in order to commit the crime of burglary in the second degree when the accused is "armed with . . . a deadly weapon," the deadly weapon need not be used, threatened, or displayed.
Throughout the trial, the defendant admitted that he was guilty of the third degree burglary of the Riverside Shell Service Station but emphatically denied that the burglary rose to the level of second degree. The defendant admitted stealing a *Page 208 
pistol during the burglary but maintained that it was never used in any manner and that during the course of the burglary he never removed it from the box with the stolen cigarettes, where he had initially placed it.
The defendant's testimony directly contradicted the testimony of Decatur Police Officer Jimmy Vincent, who stated that the defendant drew a pistol from his pocket, turned and pointed the pistol at him and said, "You're going to f_____ up." The defendant then made his escape.
After the jury had been deliberating, it asked the trial judge this question: "Is the defendant considered armed when he has in his possession a deadly weapon, such as a gun, or must he show an act of using a gun, such as pointing the gun?"
The judge answered the question by stating:
 "A person is deemed to be armed if that person has on his person in his actual possession or his immediate possession a deadly weapon as defined in this case. The act of using the weapon or pointing the weapon or doing anything with the weapon is not necessary for the person to be armed."
"A person commits the crime of burglary in the second degree if he knowingly enters or remains unlawfully in a building with intent to commit theft or a felony therein and, if in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime: (1) Is armedwith explosives or a deadly weapon," Alabama Code 1975, §13A-7-6 (a)(1) (emphasis added). Burglary in the second degree is also committed when one "[u]ses or threatens the immediate use of a dangerous instrument." § 13A-7-6 (a)(3). The statute implicitly recognizes the difference between being "armed" and "using" or "threatening to use."
The controlling principles were enumerated in People v.Tracey A., 97 Misc.2d 1053, 413 N.Y.S.2d 92, 95 (1979):
 "A person `arms' himself when he is furnished or equipped with weapons of offense or defense. The word `armed' applies to any situation where a gun or deadly weapon is within the immediate control of a person and is available for his use."
* * * * * *
 "A burglar who steals an unloaded revolver as part of his loot does not `arm himself with a deadly weapon.' People v. Ford, 60 Cal.2d 772, 36 Cal.Rptr. 620, 388 P.2d 892, cert. denied, 377 U.S. 940, 84 S.Ct. 1342, 12 L.Ed.2d 303; People v. Black, 73 Cal.App. 13, 29, 238 P. 374; People v. Harris, 266 Cal.App.2d 426, 72 Cal.Rptr. 423.
 "However, where a burglar takes a revolver in a house broken into and loads it with bullets also found there, this is equivalent to `arming himself' within the meaning of California Penal Code, Section 460. People v. Tittle, 258 Cal.App.2d 518, 65 Cal.Rptr. 576.
 "Being `armed' with a deadly weapon is an element of a crime which can rarely be established by the prosecution unless it is fired or immediately recovered. People v. Archie, 85 Misc.2d 243, 249, 380 N.Y.S.2d 555, 562."
See also Meadows v. Commonwealth, 551 S.W.2d 253, 255-56
(Ky.Ct.App. 1977). Here, there was testimony that the pistol was loaded. The owner testified, "There was one shell in the chamber. * * * I kept it in there so all I had to do was pull the hammer back and you could have shot it."
The judge's answer to the jury's question was proper and stated a correct principle of law.
 II
In his closing argument to the jury, the prosecutor stated:
 "I do not know what kind of deal Cecil Bates was offered when he plead guilty to robbery in Illinois. I do not know what type of deal Cecil Bates was offered when he plead guilty to Third Degree Burglary in Lawrence County, Alabama. However, I suggest to you today that the only reason he is trying this case *Page 209 
is because we wouldn't offer him any kind of deal."
Defense counsel's motion for a mistrial was overruled and the trial court instructed the jury that statements of counsel were not evidence and that that remark should not be considered by the jury in their deliberations.
The defendant testified in his own behalf and admitted convictions based on guilty pleas to robbery and third degree burglary. Also, there was testimony that the defendant was charged with robbery and rape in Illinois, that he pled guilty to the robbery, and that the rape charge was dismissed.
In response to the defense argument that his comments were improper, the prosecutor contended that he was merely replying in kind: "I would point out that that argument was made in response to Mr. Mays' [defense counsel] argument that the defendant had pled guilty on all of the other occasions in which he had gone to court, and that was the reason Mr. Burrell [assistant district attorney] made the argument to begin with. * * * But as I indicated, Mr. Mays' argument was that this defendant in effect must be not guilty because he had pled guilty in all of the other situations. Mr. Burrell was responding to that when he made the argument that there was no deal offered to him here."
The prosecutor's argument was drawn from the proven facts and from the reasonable inferences that could properly be drawn from those facts interpreted in the context of the argument of defense counsel. This argument was also a legitimate reply in kind. See Ex parte Rutledge [Ms. 83-17, September 7, 1984] (Ala. 1984).
Moreover, any impropriety in his argument was eradicated by the action of the trial judge:
 "When improper arguments are made to the jury, they will be considered eradicated by the trial judge if he sustains objections thereto and gives appropriate instructions to the jury. When prejudicial remarks have been made, the action of the trial court in regard to the arguments is reviewed with all presumptions in favor of such actions. There is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remarks." Hammins v. State, 439 So.2d 809, 811 (Ala.Cr.App. 1983).
"The trial judge is in a better position than an appellate court to determine whether the remark was so prejudicial as to be ineradicable." Wilson v. State, 428 So.2d 197, 200
(Ala.Cr.App. 1983). "A motion for a mistrial should not be granted when the prejudicial qualities of a comment can be eradicated by action of the trial court." Mallory v. State,437 So.2d 595, 599 (Ala.Cr.App. 1983), cert. denied, ___ U.S. ___,104 S.Ct. 722, 79 L.Ed. 184 (1984). For these reasons, this Court finds no error in the denial of the mistrial.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.