Ronald P. Lovell was convicted by a jury of burglary in the first degree and was sentenced to 20 years' imprisonment. On appeal he raises two issues.
 I
Lovell contends that his constitutional rights were violated when a year passed between the date of his conviction and the date of his sentencing. Four factors must be considered in determining whether the accused was denied a speedy trial.Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972). The factors are (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused.
 (1)
Mere passage of time, without more, does not amount to denial of a speedy trial. Noe v. State, 391 So.2d 151 (Ala.Cr.App. 1980). The time between conviction *Page 486 
on June 20, 1983 and sentencing on August 20, 1984, was 14 months.
 (2)
Mr. Lovell was in federal custody until August 1, 1984. A deputy district attorney testified to the state's attempts and efforts to get Mr. Lovell back to Alabama. The witness testified that he participated in trying to secure Lovell's return through the Interstate Agreement on Detainers or Incaration from a federal correctional institution in Memphis, Tennessee. The witness testified that after Lovell's conviction in Clay County, Alabama, Lovell was charged and tried or pleaded guilty and testified in a trial in federal court. He was sentenced in federal court and incarcerated in the federal correctional institution at Memphis. A detainer was filed against Lovell under the Interstate Agreement on Detainers. Also the State of Alabama filed a "Form Five," which is a "Prosecutor's Request for Temporary Custody." This request, together with a cover letter, was forwarded to Mr. John Fenello, as Administrative Systems Manager of the Federal Correctional Institution at Memphis. The district attorney and the circuit judge both signed the Prosecutor's Request for Temporary Custody of Lovell and submitted another letter to prove the agent's authority to act for the receiving state. The same was sent to Mrs. Betty Taylor, an administrator in the Alabama Department of Corrections. Mrs. Taylor promptly signed and returned the letter to permit Sheriff Morris to use it as evidence of his authority when he picked up Mr. Lovell.
The person sought to be returned is allowed 30 days to file an appeal in federal district court or to note an objection to the request with the Federal Correctional Institution in Memphis. After that time had expired, then Sheriff Morris did, in fact, go to Memphis and bring Mr. Lovell back for sentencing. In the meantime, the sentencing hearing had been continued from time to time on motion of the state. A short continuance just before sentencing was on the motion of the accused.
 (3)
Assertion of the right to speedy trial was made by Lovell, it appears, for the first time on July 20, 1984. The appellant moved to dismiss this case for a loss of jurisdiction premised on delay in sentencing and upon his physical removal from Alabama. Sentencing came within 30 days after this motion.
 (4)
It is contended in brief that the delay "denied appellant a right to have the later charges in federal court to run concurrent with the state's charges." Of course, no such "right" exists. Testimony at the sentencing hearing established that Mr. Lovell testified in federal court on behalf of the government, but without any agreement with the federal government, either for concurrent sentencing or otherwise. The assistant district attorney testified that concurrent sentences are routinely resisted by his office and that no agreement for concurrent sentence existed in this case.
We conclude that no prejudice occurred to the appellant as a result of the delay; that the right was not asserted for over a year of the time; that the delay, while lengthy itself, does not justify the claim.
 II
This is a case of a burglary and theft of guns. The record indicates that appellant's co-burglar, one Crawford, took from Richard Smith's trailer a 12-gauge shotgun, a .22-caliber rifle and a .30-.30-rifle. With the writer dissenting, this court inCaine v. State, 453 So.2d 1081 (Ala.Cr.App. 1984), held that theft of a pistol from the victim of a robbery did not constitute robbery in the first degree, even though the robbers were in possession of the pistol while making their escape. However, in Bates v. State, 468 So.2d 207 (Ala.Cr.App. 1985), this court affirmed a conviction for burglary in the second degree wherein a gun was the fruit of the burglary, upon the ground that it was loaded and usable as a deadly weapon. In this case, it is undisputed *Page 487 
that the guns were fully loaded. Upon the authority of Bates, we affirm.
AFFIRMED.
All the Judges concur.