Michael R. Pardue was convicted of second-degree escape, first-degree theft, second-degree theft, and first-degree burglary. He was sentenced as a habitual offender to 10 years' imprisonment on the escape conviction, to life imprisonment on the first-degree theft conviction, to 20 years on the second-degree theft conviction, and to life without parole on the burglary conviction. The Court of Criminal Appeals affirmed the conviction and sentence as to the escape conviction; vacated one of the theft convictions, ordering the court to set aside either the first- or the second-degree theft conviction and to resentence accordingly; and reversed and remanded as to the burglary conviction, directing the court to set aside the first-degree burglary conviction, to find Pardue guilty of third-degree burglary, and to sentence him accordingly. After its application for rehearing was overruled, the State filed a petition for a writ of certiorari, which we granted in order to consider whether a burglar is "armed with . . . a deadly weapon" in accordance with Ala. Code 1975, § 13A-7-5(a), if he acquires a gun as loot during the burglary but does not use it or possess it for the purpose of its use or potential use as a weapon.
For a statement of the facts of this case, see Pardue v.State, 571 So.2d 320 (Ala.Crim.App. 1989).
The State contends that the Court of Criminal Appeals' decision is erroneous because, the State argues, it negates the intent of the legislature in adopting Code *Page 334 
1975, § 13A-7-5(a). In support of its contention, the State relies on Henry v. State, 448 So.2d 432 (Ala.Crim.App. 1983);Bates v. State, 468 So.2d 207 (Ala.Crim.App. 1985); and Lovellv. State, 477 So.2d 485 (Ala.Crim.App. 1985). Those cases, which held that the taking of a firearm during a burglary would suffice to support a first-degree burglary conviction, were expressly overruled by the Court of Criminal Appeals inBuchannon v. State, 554 So.2d 477 (Ala.Crim.App. 1989), cert.denied, 554 So.2d 494 (Ala. 1989).
In Buchannon, the Court of Criminal Appeals made a distinction between the perpetrator who equips himself with a weapon prior to the crime and the perpetrator who steals a weapon during the crime, stating: "The mere showing that the defendant stole a weapon during the course of a burglary or robbery, without more, does not constitute being 'armed.' "554 So.2d at 492.
The offense of burglary in the first degree is defined in Code § 13A-7-5(a), as follows:
 "A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
 "(1) Is armed with explosives or a deadly weapon; or
 "(2) Causes physical injury to any person who is not a participant in the crime; or
 "(3) Uses or threatens the immediate use of a dangerous instrument."
The statute clearly sets forth the conduct that is prohibited. A person commits the crime of burglary in the first degree when, in the course of committing a burglary, the person is armed with a deadly weapon. The statute does not require that the burglar be armed prior to entering a dwelling. Rather, the burglar must be "armed with explosives or a deadly weapon" at one of three points: 1) "in effecting entry"; or 2) "while in[the] dwelling"; or 3) "in immediate flight therefrom." Clearly, under the statute, the burglar could conceivably be "armed" at three different times during the course of the burglary.
We hold that the better view is that previously recognized by the Court of Criminal Appeals in Henry v. State, supra, Batesv. State, supra, and Lovell v. State, supra. This view has been adopted by Kentucky in Meadows v. Commonwealth, 551 S.W.2d 253
(Ky.Ct.App. 1977), and by New Mexico in State v. Luna, 99 N.M. 76, 653 P.2d 1222 (App.), cert. quashed, 99 N.M. 148,655 P.2d 160 (1982).
The applicable statute in Meadows was Ky.Rev.Stat.
511.020(1), which provides as follows:
 "A person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
 "(a) Is armed with explosives or a deadly weapon; or
 "(b) Causes physical injury to any person who is not a participant in the crime; or
 "(c) Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime."
Applying that statute where a defendant broke into an unoccupied dwelling and stole a gun, the Kentucky court held:
 "It is the opinion of this court that under the applicable law of this Commonwealth and under the circumstances where it is used statutorily, there is virtually no difference between being in possession of a deadly weapon and being armed with a deadly weapon."
551 S.W.2d at 255.
The court in Luna interpreted a statute similar to Code §13A-7-5(a), and stated:
 "Crimes involving violence or use of firearms are among those most abhorrent to our society. The rising number of offenses wherein firearms have been *Page 335 
used or victims assaulted with deadly weapons was obviously an important factor bringing about the passage of the aggravated burglary statute. Clearly, by enhancing the penalty for burglary while armed with a deadly weapon, the legislature intended to deter potential criminals from the use or possession of firearms[,] which escalate the possibility of violence."
653 P.2d at 1224. The New Mexico court held that the applicable statute is violated by a person who becomes armed with an unloaded weapon during the commission of a burglary.
The fact that Pardue armed himself with a deadly weapon while in the dwelling brings him within the purview of § 13A-7-5(a). Therefore, the decision in Buchannon, supra, is expressly overruled. We hold that Pardue was "armed" with a deadly weapon as that term is used in § 13A-7-5(a); we are persuaded that this holding is consistent with the intent of the legislature.
We, therefore, reverse that part of the Court of Criminal Appeals' judgment directing the trial court to set aside the first degree burglary conviction, to find Pardue guilty of third degree burglary, and to resentence accordingly; and we remand this cause for action consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES and HOUSTON, JJ., concur.
KENNEDY, J., concurs in the result.