BOWEN, Judge.
In 1984, Jeffery Reed Evans was convicted of burglary in the first degree and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole. That conviction was affirmed on appeal without opinion. Evans v. State, 482 So.2d 305 (Ala.Cr.App.1985). The Alabama Supreme Court denied a petition for writ of certiorari on February 28, 1986. Ex parte Evans, 493 So.2d 411 (Ala.1986).
In October 1986, Evans filed a petition for writ of habeas corpus in the United States District Court claiming that his conviction was not supported by sufficient evidence. Evans v. Johnson, 86-T-0957-N. On January 24, 1989, a federal magistrate, relying on Bates v. State, 468 So.2d 207 (Ala.Cr.App.1985), concluded that the evidence was insufficient to support Evans’ conviction for first degree burglary because “[t]here was no proof that the petitioner was armed with a loaded shotgun at the time of the commission of the offense.” The magistrate declined to address the issues of whether the remaining evidence was sufficient to retry the petitioner on a lesser included offense or whether retrial is barred by the double jeopardy clause of the constitution.
On March 16, 1989, the United States District Court ordered the State to “release petitioner Evans from state custody unless, within 90 days from the date of this judgment, the State either resentences or retries him in accordance with the memorandum opinion entered this date.” In that memorandum opinion, the federal court stated:
“It appears arguable that the State of Alabama may simply resentence rather than retry Evans on the second degree burglary offense. See Beverly v. Jones, 854 F.2d 412 (11th Cir.1988), petition for cert. filed, (U.S. Jan. 17, 1989) (No. —); Dickenson v. Israel, 644 F.2d 308 (7th Cir.1981). However, whether the state may, indeed, do so under both state and federal law should be addressed in the first instance by the state courts. The court believes that a federal court should not pass on this issue, first, until after the state determines what it is in fact going to do (that is, sentence or retry Evans on second degree burglary) and, second, until after the state courts have passed on the legality of whatever the state decides to do. This court will therefore modify the relief suggested by the magistrate to allow the state either to resentence or to retry Evans for second degree burglary. By allowing the state either to resentenee or to retry Evans, however, the court does [not] pass on the legality of either course.”
On June 12, 1989, the Circuit Court of Pike County adjudged Evans guilty of burglary in the second degree and sentenced him as a habitual felony offender to 99 years’ imprisonment. Evans raises two issues on this appeal from that adjudication and resentencing.
*880 I.
Evans argues that the action of the circuit court in resentencing him for a lesser included offense is barred by principles of double jeopardy.
This question was answered in Beverly v. Jones, 854 F.2d 412 (11th Cir.1988), cert. denied, — U.S. -, 109 S.Ct. 2104, 104 L.Ed.2d 665 (1989).
“We conclude that the Constitution’s prohibition against double jeopardy did not preclude the State from retrying Beverly on the lesser included offense [of first-degree murder] once the Court of Criminal Appeals reversed his conviction on the greater offense [of intentional killing in the course of a robbery]. To hold otherwise would impose too high a price on society.”
Beverly, 854 F.2d at 416. See also Dickenson v. Israel, 644 F.2d 308, 309 (7th Cir.1981), holding that the defendant’s Fifth Amendment right to be free from double jeopardy was not violated when the state appellate court vacated the defendant’s conviction for armed robbery but affirmed the implicit conviction of the lesser included offense of simple robbery.
The Alabama Supreme Court addressed this issue in Ex parte Beverly, 497 So.2d 519 (Ala.1986).
“[A] judgment of conviction is a bar to any further prosecution for an offense which was embraced within the offense upon which the conviction was laid (i.e., a lesser included offense).... However, a distinction must be made between a judgment of conviction which is sustainable on appeal and one, like that in this case, which was reversed because of the trial court’s error in submitting to the jury a charge unsupported by the evidence. The former is a bar to any further prosecution, but the latter is not a bar to further prosecution on the lesser included offenses found to have been supported by the evidence and upon which the jury was charged.”
Beverly, 497 So.2d at 524 (emphasis in original).
II.
We have reviewed the transcript and record of Evans’ trial. The trial court charged the jury on both burglary in the first and second degree. The State’s evidence, viewed in its most favorable light, proves that Evans broke into the residence of Dr. Jim Colley of Troy, Alabama. Dr. Colley discovered Evans in the process of burglarizing his residence but Evans fled. Dr. Colley testified that “two shotguns ... were wrapped up in a sheet on the floor.” The shotguns had been removed from a gun case. There was no testimony indicating whether or not the shotguns were loaded. Dr. Colley also testified that he saw Evans inside his house with a “metal object” in his hand: “I’m not sure it was metal. It was something long. I assume it was a tire tool. That was the first thing that came to my mind; and that’s what made me turn around. It sort of resembled a tire tool.” This metal object was not a shotgun.
In Bates, 468 So.2d at 208, this Court indicated that “ ‘[a] burglar who steals an unloaded revolver as part of his loot does not “arm himself with a deadly weapon.” ’ ” In Buchannon v. State, 554 So.2d 477, 493-94 (Ala.Cr.App.), cert. denied, 554 So.2d 494 (Ala.1989), this Court held “that in determining whether a defendant [in a prosecution for burglary] is ‘armed,’ a distinction must be made between the perpetrator who equips himself with a weapon prior to the crime and the perpetrator who steals a weapon during a crime. In order for the latter to be ‘armed,’ there must be a showing that the stolen weapon was possessed in ‘such a manner as to indicate his willingness or present ability to use it as a “weapon” ’ and not merely as loot from the crime.” This holding, and that of Bates, was expressly overruled in Pardue v. State, [Ms. 89-313, June 22, 1990] (Ala.1990).
“The statute clearly sets forth the conduct that is prohibited. A person commits the crime of burglary in the first degree when, in the course of committing a burglary, the person is armed with a deadly weapon. The statute does not require that the burglar be armed prior *881 to entering a dwelling. Rather, the burglar must be ‘armed with explosives or a deadly weapon’ at one of three points: 1) ‘in effecting entry’; or 2) ‘while in [the] dwelling’-, or 3) ‘in immediate flight therefrom.’ Clearly, under the statute, the burglar could conceivably be ‘armed’ at three different times during the course of the burglary.
“We hold that the better view is that previously recognized by the Court of Criminal Appeals in Henry v. State, [448 So.2d 432 (Ala.Cr.App.1983) ], Bates v. State, [468 So.2d 207 (Ala.Cr.App.1983) ], and Lovell v. State, [477 So.2d 485 (Ala.Cr.App.1985) ]_
[[Image here]]
“The fact that Pardue armed himself with a deadly weapon while in the dwelling brings him within the purview of § 13A-7-5(a). Therefore, the decision in Buchannon, supra, is expressly overruled. We hold that Pardue was ‘armed’ with a deadly weapon as that term is used in § 13A-7-5(a); we are persuaded that this holding is consistent with the intent of the legislature.”
Pardue v. State, slip op. at 3-5.
In Henry, supra, this Court upheld a conviction for burglary in the first degree where the defendant stole two pistols and a shotgun from a residence. In Sumpter v. State, 480 So.2d 608, 614 (Ala.Cr.App.1985), this Court held that “[t]he definition of a deadly weapon does not require that a firearm be loaded at the time of the offense.” See also Lidge v. State, 419 So.2d 610, 612-13 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982). In Herndon v. State, 563 So.2d 1065, 1071 (Ala.1990), the Alabama Supreme Court held:
“We hold that the better rule is that an unloaded gun is a ‘deadly weapon’ for the purposes of § 13A-8-41 [robbery in the first degree], and that when the evidence shows, as it does in this case, that the defendant was ‘armed’ with a pistol at the time of the robbery, the showing that it was, in fact, not loaded, is not an affirmative defense, nor is it evidence that will entitle the defendant to a lesser included offense instruction.”
Therefore, based on the above authority and contrary to the findings of the federal magistrate and the federal district court, Evans, in attempting to steal the two shotguns during the commission of the burglary, was guilty of burglary in the first degree. Under the facts of this case, burglary in the second degree is a lesser included offense of burglary in the first degree. Therefore, the evidence is sufficient to sustain Evans’ conviction for burglary in the second degree. The circuit court’s adjudication of Evans as guilty of burglary in the second degree is affirmed.
III.
The circuit court improperly sentenced Evans to 99 years’ imprisonment. The punishment for a defendant convicted of a Class B felony (burglary in the second degree, Ala.Code 1975, § 13A-7-6(c)) with three prior felony convictions is life imprisonment pursuant to § 13A-5-9(c). Therefore, this cause is remanded with directions that the circuit court sentence Evans to a term of life imprisonment. The circuit court shall make proper return to this Court reflecting imposition of the proper sentence.
REMANDED WITH DIRECTIONS.
All Judges concur.