Lawrence Edward Crymes was convicted of murder. The Court of Criminal Appeals affirmed his conviction. See Crymes v. State,630 So.2d 120 (Ala.Cr.App. 1993). On certiorari review Crymes argues that the opinion of the Court of Criminal Appeals conflicted with prior decisions of this Court holding that evidence of a murder victim's children and their ages was irrelevant and prejudicial. See Knight v. State, 273 Ala. 480,142 So.2d 899 (1962); see also Fisher v. State, 23 Ala. App. 544,129 So. 303 (1930) (admission of evidence showing the number and ages of the victim's children was reversible error).
The testimony at issue was as follows:
 "Q: . . . [H]ow long were you and [the victim] married?
"A. It would have been eight years September 30th.
"Q: And did y'all have any children?
"A. Three.
"Q: Three children?
"A. Yes.
"Q: What are their ages now?
"[DEFENSE COUNSEL]: Objection. Irrelevant.
 "THE COURT: Overruled. "A. Ten, three, and two.
"[PROSECUTOR]: I have no further questions."
The Court of Criminal Appeals held that "certain victim impact-type arguments, made during the guilt phase of a capital case, were not error . . ., based on the overwhelming evidence of the appellant's guilt." Crymes, 630 So.2d at 123 (quotingMcNair v. State, [Ms. CR-90-1556, July 24, 1992] ___ So.2d ___ (Ala.Cr.App. 1992). This is an inaccurate analysis of the admissibility of "victim impact" statements. Such statements are admissible during the guilt phase of a criminal trial only if the statements are relevant to a material issue of the guilt phase. Testimony that has no probative value on any material question of fact or inquiry is inadmissible. See C. Gamble,McElroy's Alabama Evidence § 21.01 (4th ed. 1991), citing, inter alia, Fincher v. State, 58 Ala. 215 (1877) (a fact that is incapable of affording any reasonable inference in reference to a material fact or inquiry involved in the issue cannot be given in evidence). If the statements are not material and relevant, they are not admissible.
However, when, after considering the record as a whole, the reviewing court is convinced that the jury's verdict was based on the overwhelming evidence of guilt and was not based on any prejudice that might have been engendered by the improper victim-impact testimony, the admission of such testimony is harmless error.
Rule 45, Ala.R.App.P., states:
 "No judgment may be reversed or set aside, nor a new trial granted in any . . . criminal case on the ground of . . . the improper admission . . . of evidence, . . . unless in the opinion of the court to which the appeal is taken or application is made, after examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
(Emphasis added.)
In determining whether the admission of improper testimony is reversible error, this Court has stated that the reviewing court must determine whether the "improper admission of the evidence . . . might have adversely affected the defendant'sright to a fair trial," and before the reviewing court can affirm a judgment based upon the "harmless error" rule, that court must find conclusively that the trial court's error did not affect the outcome of the trial or otherwise prejudice asubstantial right of the defendant.
In this case, Crymes did not object to either the question regarding how long the witness and the victim were married or the question regarding how many children they had. He objected only to the State's question *Page 127 
"What are their ages now?" and, when he objected to that question, he did not move to strike the witness's prior testimony. A proper objection must be made after the question calling for objectionable testimony is asked and before thewitness answers. Therefore, Crymes's objection preserved for review only the issue of whether the admission of the witness's testimony that the children were ages 10, 3, and 2 was reversible error.
The testimony regarding the ages of the victim's children had no probative value on any material question of fact or inquiry and, therefore, was inadmissible. See McElroy's, supra, § 21.01. Even though the testimony was inadmissible, the trial court's error in admitting the testimony was harmless in light of the prior testimony, to which Crymes did not object, regarding how long the witness had been married to the victim and how many children they had, and in light of the overwhelming evidence of Crymes's guilt.
Based upon the record, we find that Crymes's right to a fair trial was not prejudiced by the testimony as to the ages of the victim's children; therefore, we affirm.
AFFIRMED.
HORNSBY, C.J., and SHORES and ADAMS, JJ., concur.
ALMON and STEAGALL, JJ., concur in the result.