SHORES, Justice.
Nelson Patterson Bates, Jr., was convicted of first degree burglary under Ala.Code 1975, § 13A-7-5. He was sentenced to 20 years in the penitentiary. He had no prior record. He later filed a Rule 32, Ala.R.Crim.P., petition attacking his sentence.[1] The trial court denied that petition and the Court of Criminal Appeals affirmed that denial, "with an unpublished memorandum. Bates v. State, (CR-94-0829) 683 So.2d 1066 (Ala.Cr.App.1996) (table). We granted Bates’s petition for certiorari review. We reverse and remand.
At Bates’s sentencing hearing the trial judge stated:
“I intend to sentence him to the minimum, but the minimum is 20 years; I have no control over that.”
AC Bates’s hearing on his motion for new trial, the trial judge stated:
“The jury found this young man guilty, and the Court fixed punishment at the very minimum by law that the Court could fix. It eliminates any discretion that this court has.”
Bates contends that the trial judge improperly sentenced him by applying § 13A-5-6(a)(4), the “firearm enhancement” provision, even though, Bates argues, he had not used a firearm in the commission of the burglary. Bates argues that the trial judge could not sentence him under the enhancement provision of § 13A-5-6(a)(4) because, he asserts, the two firearms involved in his case were simply part of the “loot” taken in the burglary and he did not use or attempt to use them in the commission of the burglary.
The Court of Criminals Appeals, affirming the denial of Bates’s Rule 32 petition, wrote in its unpublished memorandum:
“Finally, the petitioner claims that the trial court improperly sentenced the petitioner by imposing § 13A-5-6(a)(4), the firearm enhancement provision, where no firearm was used in the commission of the felony at issue. However, the evidence at trial showed that two firearms were taken during the course of the burglary. According to the Alabama Supreme Court opinion in [Pardue v. State], 571 So.2d 333 (Ala.1990), the fact that at some point the accused became armed during the commission of the felony triggers the enhancement provision of § 13A-5-6(a)(4). See Henry v. State, 448 So.2d 432 (Ala.Cr.App.1983); Bates v. State, 468 So.2d 207 (Ala.Cr.App.1985); and Lovell v. State, 477 So.2d 485 (Ala.Cr.App.1985). Therefore, the trial court was correct in its statement that the minimum sentence for the petitioner is 20 years.”
The Court of Criminal Appeals incorrectly read this Court’s opinion in Pardue v. State. This Court held in Pardue that the defendant’s being in possession of a deadly weapon authorized the enhancement of his burglary charge to first degree burglary, because taking a weapon as part of the loot meant he was “armed with ... a deadly weapon” within the meaning of the Burglary I statute, *1117 § 13A-7-5(a)(1). See 571 So.2d at 334. Pardue v. State does not mention the enhancement provisions of § 13A-5-6. This Court did not say in Pardue that a defendant’s taking a firearm as part of the loot means the defendant has “used” or “attempted” to use a firearm for purposes of § 13A-5-6(a)(4). All three of the other cases cited by the Court of Criminal Appeals in its memorandum concern the application of § 13A-7-5; none deals with the enhancement provision of § 13A-5-6. We have found no Alabama cases holding that a defendant’s taking a deadly weapon as part of the loot taken in the commission of a felony, without using or attempting to use it in the commission of the felony, authorizes the application of the enhancement provision of § 13A-5-6(a)(4).
In Ex parte McCree, 554 So.2d 336 (Ala.1988), this Court stated:
“First, implicit in the language of § 13A-5 — 6(a)(5)—-‘a firearm or deadly weapon was used or attempted to be used in the commission of the felony’ — is the requirement that the underlying felony for which the defendant is convicted have, as one of its necessary elements, the element of intentional criminal conduct. Therefore, McCree’s reckless or negligent conduct, which resulted in manslaughter, while sufficient to supply the criminal scienter to support a conviction for a Class C felony, does not require a finding that he intentionally used the firearm to commit the felony, and thus can not support the application of § 13A-5-6(a)(5). In other words, reading § 13A-5-6 as a whole, we must construe subsection (a)(5) to mean that convictions for those underlying felonies that are committed without the intentional use of a deadly weapon do not fall within the category of convictions that invoke the enhancement provision of this statute.
“Second, ‘enhancement,’ as that word is used to describe the effect of § 13A-5-6(a)(5), necessarily means that in addition to the culpability of the offense for which the defendant has been convicted, the defendant’s conduct is necessarily the result of a higher degree of culpability, because of the jury’s finding that a ‘firearm or deadly weapon was used or attempted to be used in the commission of the felony.’ Indeed, the use of a deadly weapon to commit the underlying felony is the classic situation intended by the legislature to invoke the enhanced penalty.”
554 So.2d at 340-41 (emphasis original). It follows that this rationale would also apply to § 13A-5-6(a)(4). The enhanced penalty would not be applicable unless the defendant used a firearm or deadly weapon or attempted to use one in the commission of the felony.
Bates does not argue that the taking of the firearms did not raise his offense to 1st degree burglary under Pardue. He does argue that the minimum sentence for a Class A felony is 10 years. § 13A-5-6(a)(1). The only way the trial judge could have concluded that “20 years is the minimum sentence” was to improperly apply the enhancement provision of § 13A-5-6(a)(4).
The judgment of the Court of Criminal Appeals is reversed. The cause is remanded with instructions to direct the trial court to resentence the defendant without applying the enhancement provision of § 13A-5-6(a)(4).
REVERSED AND REMANDED.
MADDOX, ALMON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and SEE, J., dissent.

. See: Ex parte Cantu, 660 So.2d 1026 (Ala.1994) (quoting Ex parte Brannon, 547 So.2d 68 (Ala.1989)).