KELLUM, Judge.
The appellant, Stacy David Trimble, was indicted for attempted murder, a violation of § 13A-4-2 and § 13A-6-2, Ala.Code 1975. Following a jury trial, Trimble was convicted of the lesser-included offense of assault in the first degree, a violation of § 13A-6-20, Ala.Code 1975. The circuit court sentenced Trimble, as an habitual felony offender, to life imprisonment. The circuit court further ordered Trimble to pay $50 to the crime victims’ compensation fund and court costs. This appeal followed.
*1003 Trimble does not challenge the sufficiency of the evidence on appeal. Therefore, a brief recitation of the pertinent facts is all that is necessary in this case.
Michael Bickerstaff lived in Auburn and was a neighbor of Annie Trimble and her three sons, Garland Trimble, Gerald Trim-ble, and Stacy Trimble. Maedlyn Gentry Barnes also lived with the Trimble family. On October IB, 2011, Bickerstaff was watching a football game when he heard an argument next door. Bickerstaff went into his backyard to investigate and saw Barnes on the ground with Stacy Trimble standing over her. Bickerstaff observed that Barnes’s clothes were torn, that she was bleeding and had a significant laceration across her face, and that she appeared to be drifting in and out of consciousness. After he witnessed Trimble kick Barnes in the head, Bickerstaff attempted to intervene, and Trimble asked: “[Y]ou gonna go against me for this bitch?” (R. 194.) Trimble then dragged Barnes into the house by her hair. Trimble later came back outside and shouted at Bickerstaff.
Bickerstaff returned to his house and telephoned the police. Auburn police officers were dispatched to the Trimble home and found Trimble shirtless, with blood on his hands and scratches on his face, chest, and arm. Officers also found Barnes in a bedroom, and they testified that her face had been “severely beaten.” (R. 251.) One officer called for an ambulance and asked Barnes who caused her injuries. She replied: “Stacy did this.” (R. 252.) Officers also discovered blood on the floors and walls and a glass bottle of vodka with blood on it. The blood was later tested and confirmed to be Barnes’s blood. Because Barnes’s injuries were life threatening, she required transport to the nearest trauma center by LifeFlight helicopter. Barnes spent 12 days in the hospital, 3 of which were in the intensive-care unit.
I.
Trimble first contends that the circuit court abused its discretion when it allowed the State to present evidence of Trimble’s prior acts of violence and threats to kill Barnes. Specifically, he argues that the admission of that evidence violated Rule 404, Ala. R. Evid., because the evidence was improper character evidence.
“The admission or exclusion of evidence is a matter within the sound discretion of the trial court.” Taylor v. State, 808 So.2d 1148, 1191 (Ala.Crim.App.2000), aff'd, 808 So.2d 1215 (Ala.2001). “The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000). This is equally true with regard to the admission of collateral-act evidence. See Davis v. State, 740 So.2d 1115, 1130 (Ala.Crim.App.1998); see also Irvin v. State, 940 So.2d 331, 344-46 (Ala.Crim.App.2005). In a discussion of collateral-act evidence, this Court has stated: “If the defendant’s commission of another crime or misdeed is an element of guilt, or tends to prove his guilt otherwise than by showing of bad character, then proof of such other act is admissible.” Saffold v. State, 494 So.2d 164, 172 (Ala.Crim.App.1986).
Rule 404(b), Ala. R.Crim. P., provides:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”
*1004 The record indicates that before trial the State filed a notice of its intent to offer collateral-act evidence pursuant to Rule 404(b), Ala. R. Evid., in which the State specifically listed, in pertinent part, the following prior bad acts on the part of Trimble:
“2. The general nature of this evidence is that the defendant committed multiple acts of domestic violence upon the victim prior to the date of the incident for which he was charged and dating back to approximately eight months prior to October 13, 2011, some of which were reported to police. The state will provide copies of police reports if such can be located. The defendant also threatened the victim with bodily harm and/or death prior to the October 18, 2011, incident for which he is charged.”
(C. 25.)
At trial, Barnes testified that she and Trimble had been in a relationship for approximately four months before the October 2011 incident. About two weeks before the incident, she had moved into Trimble’s house and was living with him, his mother, and his brother. When asked about the night in question, Barnes testified that she did not recall much about the incident. Outside the presence of the jury, the State informed the court that it intended to ask Barnes about the prior incidents of violence and the threats to kill her made by Trimble. The State argued that the testimony was admissible to show that Trimble intended to kill Barnes that night. The State claimed that the evidence was admissible for the purpose of showing the necessary element of intent for the attempted-murder charge. See § 13A-6-2 and § 13A-4-2, Ala.Code 1975. Trimble objected, arguing that the evidence would be unduly prejudicial. The circuit court ultimately held that the evidence was admissible based on Barnes’s lack of memory of the incident, the time frame between the October incident and the earlier acts of violence and threats, and the decision in Childers v. State, 607 So.2d 350, 352 (Ala.Crim.App.1992).
In the presence of the jury, Barnes testified that Trimble broke her nose several months before the October incident. As a result of that incident, she had an arrest warrant issued for Trimble, and he spent one and a half months in jail following that incident. Barnes testified that, during their relationship, Trimble orally threatened to harm her and also made threats to kill her.
After Barnes testified, the circuit court gave a specific limiting instruction to the jury on how they were to treat testimony of Trimble’s collateral acts. The jury was instructed not to consider the evidence for the purpose of determining Trimble’s character. The circuit court further explained that the evidence “may be admissible for other purposes, such as proof of motive, or opportunity, or intent, or preparation, plan, knowledge, identity, or absence of mistake or accident.” (R. 345.) The circuit court gave an instruction during its final charge to the jury reminding the jury that the collateral-act evidence could not be considered for the purpose of determining Trimble’s character.[1]
In this case, the evidence was properly admitted by the circuit court. The State had to prove that Trimble intended to cause the death of another person as part of its burden in proving attempted murder. See § 13A-6-2 and § 13A-4-2, Ala.Code *1005 1975. By presenting evidence that Trim-ble had attacked Barnes and had made threats against her life on previous occasions, the State demonstrated that Trimble intended to kill Barnes on the night in question. Moreover, the prejudicial impact of the evidence did not substantially outweigh its probative value. Here, the prejudice of the evidence regarding Trim-ble’s prior acts and threats was minimized by the circuit court’s limiting instructions to the jury regarding its proper consideration of that evidence. Therefore, the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. See Rule 403, Ala. R. Evid. Accordingly, the circuit court properly admitted testimony about Trimble’s prior acts of violence and threats.
In any event, even if the testimony was wrongfully admitted, Trimble’s conviction would stand because the admission of the collateral-act evidence would be harmless error. The harmless-error rule provides, in pertinent part:
“No judgment may be reversed or set aside ... on the ground of ... improper admission or rejection of evidence, ... unless in the opinion of the court to which the appeal is taken or application is made> after examination of the entire case, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Rule 45, Ala. R.App. P.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the United States Supreme Court held that before a court’s error in violating certain constitutional rights can be held harmless, the appellate court must be able to declare that the error was harmless beyond a reasonable doubt. In Ex parte Crymes, 630 So.2d 125 (Ala.1993), the Alabama Supreme Court explained:
“In determining whether the admission of improper testimony is reversible error, this Court has stated that the reviewing court must determine whether the ‘improper admission of the evidence ... might have adversely affected the defendant’s right to a fair trial,’ and before the reviewing court can affirm a judgment based upon the ‘harmless error’ rule, that court must find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.”
630 So.2d at 126. See also Ex parte Greathouse, 624 So.2d 208, 210 (Ala.1993) (holding that the proper harmless-error inquiry asks, absent the improperly introduced evidence, “is it clear beyond reasonable doubt that the jury would have returned a verdict of guilty”).
Even if the admission of Barnes’s testimony was improper, we cannot say that Trimble was prejudiced to the point of questioning the validity of his conviction, given that he was convicted of the lesser-included offense of first-degree assault rather than the charged offense of attempted murder. Our review of the record establishes that it is clear beyond a reasonable doubt that the jury would have returned a guilty verdict for assault in the first degree regardless of the admission of the testimony regarding prior acts of domestic violence and threats. The evidence at trial established that Trimble caused serious physical injuries to Barnes and that he possessed the intent to cause those injuries. Defense counsel did not deny wrongdoing but, instead, argued that Trimble had no intent to murder Barnes and therefore could be convicted only of a lesser-included offense, which he was. Indeed, during closing arguments, defense counsel admitted that Trimble assaulted Barnes with the intent to cause serious *1006 physical injury. Accordingly, Trimble is entitled to no relief on this claim.
II.
Trimble also argues that the circuit court erred when it denied his pro se motion for a new trial. Specifically, Trim-ble contends that the circuit court “failed to properly address the Appellant’s Motion for New Trial and erred in summarily denying the same without the benefit of a hearing.” (Trimble’s brief, p. 22.)
The record indicates that following sentencing Trimble gave oral notice of appeal to the circuit court. On March 5, 2013, the circuit court appointed new counsel to represent Trimble on appeal. On March 18, 2013, Trimble’s trial counsel filed a written notice of appeal and moved to withdraw as counsel of record. The circuit court granted trial counsel’s motion on March 20, 2013. The following day, Trimble filed a pro se motion for a new trial and a motion for a judgment of acquittal. In his motion, Trimble argued, among other things, that he was not properly arraigned for the charged offense and that his trial counsel was ineffective for allowing the case to proceed without his being properly arraigned. Trimble further argued that his trial counsel was ineffective for failing to call witnesses and for failing to properly investigate his case. Trimble requested that the circuit court conduct a hearing on his claims of ineffective assistance of counsel. On March 25, 2013, the circuit court entered an order stating that it would not consider Trimble’s pro se motion because Trimble was represented by counsel and had appealed his case to the Alabama Court of Criminal Appeals. Trimble contends that the circuit court should have conducted a hearing on the pro se motion and that the summary denial of his motion denied him due process of law.
Although Rule 31(a), Ala. R.App. P., prohibits a party represented by counsel from filing a pro se brief, there is no specific rule addressing such a matter in the trial courts. However, disregarding a defendant’s pro se pleading or motion is not generally subject to criticism when the defendant is represented by counsel. See Pardue v. State, 571 So.2d 320, 329-30 (Ala.Crim.App.1989), reversed on other grounds, 571 So.2d 333 (Ala.1990). Although no Alabama appellate court decisions specifically address the particular issue raised in this case, courts in other jurisdictions have held that a defendant is not entitled to file pro se pleadings or motions when represented by counsel. See Hutchinson v. Florida, 677 F.3d 1097, 1107 (11th Cir.2012); Martin v. State, 797 P.2d 1209, 1217 (Alaska Ct.App.1990) (“The trial court therefore has the authority to require a defendant who is represented by counsel to act through counsel.”). See also cases cited in Salser v. State, 582 So.2d 12, 14 (Fla.Dist.Ct.App.1991). The only exception to this rule applies to pro se motions requesting discharge of counsel. See Finfrock v. State, 84 So.3d 431, 433-34 (Fla.Dist.Ct.App.2012).[2]
 “ While a defendant has a Sixth Amendment right to be represented by *1007 counsel or to represent himself, ... he does not have the right, under either the federal or state constitutions, to hybrid representation.’ ” Holland v. State, 615 So.2d 1313, 1320 (Ala.Crim.App.1993) (quoting Christianson v. State, 601 So.2d 512, 519 (Ala.Crim.App.1992), overruled on other grounds, Ex parte Thomas, 659 So.2d 3 (Ala.1994)). “It is well settled that a motion for a new trial is ‘addressed to the sound discretion of the trial court and [his decision thereon] will not be revised on appeal unless it clearly appears that the discretion has been abused.’ ” Wesson v. State, 644 So.2d 1302, 1306 (Ala.Crim.App.1994) (quoting Nichols v. State, 267 Ala. 217, 228, 100 So.2d 750, 760-61 (1958)).
In this case, Trimble was represented by newly appointed appellate counsel when he filed his pro se motion for a new trial. Because Trimble was represented by counsel, he had no right to have his pro se motion considered by the court. Therefore, the circuit court was within its discretion when it declined to consider his pro se motion for a new trial.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. We note that Trimble does not argue on appeal that the circuit court’s limiting instructions were overly broad, nor does he challenge those instructions in any other manner. Therefore, any issue relating to the propriety of the court’s limiting instructions is not before this Court for review. Compare Ex parte Billups, 86 So.3d 1079 (Ala.2010).

. We recognize that the Alabama Supreme Court in Ex parte Pritchett, 117 So.3d 356 (Ala.2012), implicitly acknowledged a defendant’s ability to file a pro se motion when represented by counsel. In Pritchett, Pritchett filed a pro se motion to withdraw his guilty plea in which he argued that his trial counsel was ineffective; trial counsel remained counsel of record at the time Pritchett filed his motion to withdraw his guilty plea. After the trial court summarily denied Pritchett’s pro se motion and Pritchett appealed, the trial court granted trial counsel’s motion to withdraw and appointed new counsel to represent Pritchett on appeal. The Supreme Court reversed the trial court’s summary denial of Pritchett’s motion to withdraw his guilty plea and ordered the trial court to conduct a hearing on Pritchett’s motion at which Pritchett would be represented by counsel or at which *1007 the court would determine that Pritchett knowingly, intelligently, and voluntarily waived his right to counsel. Ex parte Pritchett, 117 So.3d at 362.
In the instant case, the circuit court immediately appointed new counsel to represent Trimble after Trimble gave his oral notice of appeal. Despite having newly appointed counsel who could file a motion for a new trial attacking his trial counsel’s alleged deficiencies, Trimble elected to file a pro se motion for a new trial. Therefore, unlike the defendant in Pritchett, Trimble had the benefit of newly appointed appellate counsel who represented him and who could file a motion for a new trial on his behalf. See King v. State, 613 So.2d 888 (Ala.Crim.App.1993) (holding that the filing of a motion for a new trial is a critical stage of the prosecution and that an indigent defendant is constitutionally entitled to the assistance of counsel at that stage).