■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EARL WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered April 3, 1975, convicting him of robbery in the first degree, assault in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by (1) reducing the conviction of robbery in the first degree to a conviction of robbery in the second degree, and vacating the sentence imposed thereon, and (2) reversing the conviction of grand larceny in the third degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed and case remitted to the County Court for resentence on the conviction of robbery in the second degree. On September 21, 1974, shortly after 10:00 P.M., Police Officer John Larkin was on routine motor patrol when he spotted a motor vehicle proceeding at a high rate of speed. Upon stopping the vehicle, the defendant and the other occupant thereof alighted from the car and both suddenly fled in different directions, notwithstanding Officer Larkin's order to "halt". Officer Larkin proceeded to chase the defendant and ran directly into him. Officer Larkin and the defendant wrestled and fell to the ground. During the course of the struggle, the defendant got on top of Officer Larkin, but they reached an impasse with neither gaining the advantage. Upon the approach of a second patrol car, the defendant "became extremely violent" and succeeded in extracting Officer Larkin's loaded service revolver from the prostrate officer's holster. The defendant, in possession of the officer's revolver, then fled from the scene. As a result of the defendant's assault, Officer Larkin sustained physical injuries, i.e., "A large abrasion around my right eye and right side of my face. A bleeding and laceration of my left thumb and very painful swelling of my right knee which continued for several days." The first count of the indictment charged the defendant with robbery in the first degree in that he forcibly stole property, a revolver, and in the immediate flight therefrom he was armed with a deadly weapon, i.e., the same revolver. Under the peculiar circumstances of this case, we conclude that a robbery which consists of the taking of a weapon, and the immediate flight from the location with that weapon, without more, does not constitute robbery in the first degree within the meaning of section 160.15 of the Penal Law. The fact that the stolen property is a deadly weapon does not in and of itself convert the robbery into a robbery in the first degree, i.e., robbery while armed with a deadly weapon (see Penal Law, § 160.15, subd 2). In the case at bar, however, the People did secure a jury verdict convicting the defendant of assault in the second degree pursuant to subdivision 3 of section 120.05 of the Penal Law. The aggravating circumstance of the physical injury caused to Officer Larkin renders the crime of robbery in the second degree sufficiently proved. Under the facts of this case, defendant could not have committed the robbery without also having committed grand larceny in the third degree. Thus, the conviction of the former count required the dismissal of the latter count as a matter of law (see CPL 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847). Mollen, P. J., Titone and Shapiro, JJ., concur; Hopkins, J., concurs as to the reversal of the conviction of grand larceny in the third degree and the dismissal of that count, but otherwise dissents and votes to affirm the balance of the judgment, with the following memorandum, in which Hawkins, J., concurs: I

concur in the modification of the judgment by reversing the conviction of grand larceny in the third degree and dismissing that count. I do not agree, however, that the conviction of robbery in the first degree should be reduced to a conviction of robbery in the second degree. Although under section 2124 of the former Penal Law the defendant would be guilty of robbery in the second degree (since physical injury was inflicted on the victim by the defendant), section 160.15 of the present Penal Law includes the element of the use of a weapon "in the course of the commission of the crime or of immediate flight therefrom". It appears that the revisers of the Penal Law considered that the flight of an armed felon is of sufficient danger and gravity so as to elevate the charge of robbery in the third degree to robbery in the first degree, in the case where the weapon is loaded and capable of operation. Here, the testimony of the victim, a police officer, clearly established that his weapon was loaded and operable at the time that the defendant stole it. Even though the subject of the robbery was the weapon, the danger emanating from the use and display of the weapon by the perpetrator during flight is manifest and justifies the conviction of robbery in the first degree.