453 So.2d 1081 (1984)
William Lester CAINE
v.
STATE.
4 Div. 207.
Court of Criminal Appeals of Alabama.
March 20, 1984.
Rehearing Denied April 24, 1984.
Certiorari Denied July 13, 1984.
Steven K. Brackin of Lewis & Brackin, Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and Fred F. Bell, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 83-830.
BOWEN, Presiding Judge.
William Lester Caine was indicted and convicted for the first degree robbery of *1082 Y.C. Cook. Sentence was thirty years' imprisonment. We reverse this conviction because the State did not prove a prima facie case of robbery in the first degree.
Mr. Cook was robbed by two black males on the afternoon of December 23, 1982. He could not identify either assailant because they were wearing masks. His two assailants grabbed him from behind, "snatched him down on his back", and removed a .32 caliber pistol and $350 from his pocket. The two men then ran around the house, jumped a "yard fence" and "went out through the pasture." The jury found Caine "guilty of Robbery in the First Degree as charged in the indictment."
The distinguishing element of robbery in the first degree is that the robber was "armed with a deadly weapon or dangerous instrument" or caused "serious physical injury to another." Alabama Code Sections 13A-8-41(a)(1) and (2) (1975). Here, there was no proof of either of those factors.
"Serious physical injury" is defined by Alabama Code Section 13A-1-2(9) as "(p)hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." Although there was evidence of "physical injury" as defined by Section 13A-1-2(8), there was no evidence of "serious physical injury."
Mr. Cook, the victim, testified that the two robbers broke his dentures "aloose" and cut his mouth inside. The crime occurred on a Thursday and for the "rest of the week", he could not wear his dentures or eat solid food: "It hurt me to drink water they were cut up so bad." This does not constitute serious physical injury.
Additionally, there is no showing that either of the robbers was armed with a deadly weapon or dangerous instrument. In reaching this conclusion, we fully recognize that the expanded code definition of robbery in the first degree includes being armed with a deadly weapon or dangerous instrument "in the course of committing a theft" which "embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission." Alabama Code Section 13A-8-40(b) (1975).
The general rule is that "the robber need not be armed at all times during the robbery in order to be guilty of robbery in the first degree; he is guilty of robbery in the first degree if he arms himself or becomes armed with a deadly weapon at any time during the progress of the taking or while the robbery is being perpetrated, and in this connection the crime of robbery is not completed the moment the stolen property is in the possession of the robbers, but may be deemed to continue during their attempt to escape." 77 C.J.S. Robbery, Section 25, p. 465 (1952) (footnotes omitted).
We have found few cases which treat this particular issue. The cases of People v. Rostamo, 249 Cal.App.2d 983, 58 Cal. Rptr. 74 (1967), and People v. Wallace, 36 Cal.App.2d 1, 97 P.2d 256 (1939), are factually distinguishable from the present situation. In Rostamo, the defendant, armed with his own pistol, took a police officer's revolver and then robbed the officer and another individual. Rostamo followed Wallace, wherein the robbery was committed by three men. One of the robbers had his hand in his coat pocket and said, "All right, doc, let's have it." The victim and the robbers went to the cash register, where the victim was searched. On finding a revolver on the victim, one of the robbers pulled the hammer back and pointed the weapon at the head of the victim "for a fraction of a minute. About that time the other two appellants were through looting the cash drawer and were on their way out of the (service) station. One of the appellants told the complaining witness to sit on the floor for twenty minutes." 97 P.2d at 257. The court held:
"From a reading of the facts of this case it is at once apparent that appellants were engaged in the `taking' of the personal property of the victim Weir at the time they became armed with the 38-caliber revolver. Appellants being thus armed while they `perpetrated' the robbery, *1083 it matters not from what source they obtained the dangerous or deadly weapon in question." Wallace, 97 P.2d at 257.
The only case we have found to be directly on the issue as presented by the facts in this case is People v. Williams, 63 A.D.2d 1035, 406 N.Y.S.2d 341 (1978). In that case, a police officer was attempting to catch a fleeing suspect when the officer "ran directly" into the suspect. The two men began to "wrestle" and fell to the ground, where the suspect gained possession of the officer's service revolver. Armed with the weapon, the suspect immediately fled from the scene. The court, in applying a statute substantially identical to Alabama's[1] held that the crime did not constitute first degree robbery.
"Under the peculiar circumstances of this case, we conclude that a robbery which consists of the taking of a weapon, and the immediate flight from the location with that weapon, without more, does not constitute robbery in the first degree within the meaning of section 160.15 of the Penal Law. The fact that the stolen property is a deadly weapon does not in and of itself convert the robbery into a robbery in the first degree, i.e., robbery while armed with a deadly weapon (see Penal Law, Section 160.15, subd. 2)." Williams, 406 N.Y. S.2d 342-43.
We find this case persuasive and on authority of Williams, reverse the judgment of the circuit court and remand this cause.
REVERSED AND REMANDED.
TYSON and HARRIS, JJ., concur.
SAM TAYLOR, J., dissents with opinion.
HUBERT TAYLOR, J., dissents.
SAM TAYLOR, Judge, dissenting.
I respectfully dissent. Both the letter and the spirit of the law are better served by holding that when the robber arms himself with a weapon or dangerous instrument in the course of committing a robbery, the offense is enhanced to the higher offense of robbery I.
NOTES
[1] New York Penal Law, Section 160.15, provides:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant of the crime: ... 2. Is armed with a deadly weapon."