■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS EDWARD DIAZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, following a jury trial, of two counts of robbery in the first degree (Penal Law § 160.15 [1] [causing serious physical injury], [3] [using a dangerous instrument]), one count of assault in the first degree (Penal Law § 120.10 [3] [depraved indifference]) and one count of grand larceny in the second degree (Penal Law § 155.35). The charges arise out of defendant's theft of an automobile left unattended by its owner with the keys in its ignition. Defendant entered the automobile and started to drive away when the owner, in an attempt to prevent the theft, was either thrown or jumped on the hood of the car. The owner continued to cling to the hood of the car as defendant drove at high speeds in an attempt to elude the

police, who were in hot pursuit. During the course of this flight, the car collided with another vehicle, causing serious injuries to the car's owner.

At trial defendant sought to dismiss the second count of the indictment charging him with robbery in the first degree in violation of Penal Law § 160.15 (3) based upon his forcible theft of an automobile and "in the course of the commission of the crime or immediate flight therefrom [defendant] used or threatened the immediate use of a dangerous instrument, to wit, a 1982 Plymouth Reliant automobile vehicle." Relying on *People v Williams* (63 AD2d 1035), defendant maintains that the same stolen automobile cannot be both the object of the forcible theft and the "dangerous instrument" used or threatened to be used in the course of the commission of the crime or immediate flight therefrom. Defendant's reliance on *Williams* is misplaced. In *Williams*, defendant was charged with robbery in the first degree in that he forcibly stole property, to wit, a revolver, and in the immediate flight therefrom he was armed with a deadly weapon, i.e., the same revolver. The *Williams* court said that: "Under the peculiar circumstances of this case, we conclude that a robbery which consists of the taking of a weapon, and the immediate flight from the location with that weapon, without more, does not constitute robbery in the first degree within the meaning of section 160.15 of the Penal Law. The fact that the stolen property is a deadly weapon does not in and of itself convert the robbery into a robbery in the first degree, i.e., robbery while armed with a deadly weapon (see Penal Law, § 160.15, subd 2)." *(People v Williams, supra,* at 1035). In *Williams,* defendant was charged with robbery first under subdivision (2) of Penal Law § 160.15 ("armed with a deadly weapon") and not, as here, under subdivision (3) ("[u]ses or threatens the immediate use of a dangerous instrument"). Under the unusual circumstances of the present case, defendant was properly charged and convicted of having forcibly stolen the car and in the commission of the crime or immediate flight therefrom, with using the car, which is without question a "dangerous instrument" *(see,* Penal Law § 10.00 [13], [14]).

The prosecutor's improper comments on summation were isolated and whatever prejudice that might have resulted therefrom was diluted by the court's subsequent, although not immediate, curative instructions. Moreover, in view of the overwhelming evidence of defendant's guilt and the jury's acquittal of defendant on the intentional assault charge (Penal

Law § 120.10 [1]), that error was harmless and did not deny defendant a fair trial.

We have reviewed the other claims of error raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—robbery, first degree, and other offenses.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.