TYSON, Judge.
Mark Edward Bush was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The *107 jury found him guilty as charged in the indictment and the trial judge sentenced him to life imprisonment without the possibility of parole, under the Habitual Felony Offender Act. He appeals.
On the night of June 22, 1988, Officers Roger Henson and Dennis Hughes of the Decatur Police Department were on patrol when they noticed a vehicle in the parking lot of Alabama Brick and Tile Company in Decatur, Alabama. When the officers pulled in behind the vehicle, the vehicle drove off. The officers then turned on the patrol car’s blue lights and spotlight and they proceeded to pursue the vehicle. The officers saw two occupants in this vehicle. When the vehicle did not stop, the officers activated the patrol car’s siren. After following the vehicle for approximately one mile, the officers saw the vehicle slow down and, at that time, a black male exited the vehicle and he began to run. Henson then jumped out of the patrol car and chased this individual whom Henson identified later as the appellant. After chasing the appellant for 50 to 75 yards, Henson caught him and a struggle ensued. As Henson attempted to hold the appellant on the ground, the appellant bit Henson on the arm. At some point during the struggle, the appellant grabbed Henson’s service revolver, pointed it at Henson and said, “I’ll shoot you.” (R. 55.) The appellant then hit Henson over the eye with the gun and ran away.
After the appellant was arrested several days later, he gave a statement. In his statement, he admitted taking Henson’s gun. He stated that he threw the gun away.
I
Section 13A-8-41(a), Code of Alabama 1975, provides:
“A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument....”
Section 13A-8-43(a), Code of Alabama 1975 provides:
“A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
“ ‘In the course of committing a theft’ embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission.” Ala.Code, § 13A-8-40(b) (1975).
The appellant argues that because he was not armed prior to the time he took Henson’s gun, he cannot be found guilty of robbery in the first degree. In Pardue v. State, 571 So.2d 333 (Ala.1990), the Supreme Court of Alabama held:
“A person commits the crime of burglary in the first degree when, in the course of committing a burglary, the person is armed with a deadly weapon. The statute does not require that the burglar be armed • prior to entering a dwelling. Rather, the burglar must be ‘armed with explosives or a deadly weapon’ at one of three points: 1) ‘in effecting entry’; or 2) ‘while in [the] dwelling ’; or 3) ‘in immediate flight therefrom.’ Clearly, under the statute, the burglar could conceivably be ‘armed’ at three different times during the course of the burglary.”
Pardue, 571 So.2d at 334 (emphasis in original).
Although the appellant recognizes the Supreme Court’s decision in Pardue, he seems to argue that the same rationale does not apply in a robbery case such as the one before us where a person steals a gun and thereby becomes “armed with a deadly weapon”. We disagree. Although the Supreme Court did not expressly state that the holding in Pardue should apply to a first degree robbery case, we believe that the Supreme Court intended such a conclusion. Moreover, we have held that the first degree burglary statute and the first de *108 gree robbery statute are analogous with regard to the “armed with a deadly weapon” provisions. In Buchannon v. State, 554 So.2d 477 (Ala.Crim.App.), cert. denied, 554 So.2d 494 (Ala.1989), the case which was expressly overruled by Pardue, this court held that when a burglar arms himself during the course of a burglary, he is not “armed with ... a deadly weapon” under § 13A-7-5. In reaching this conclusion, this court adopted the holding of Caine v. State, 453 So.2d 1081 (Ala.Crim.App.1984). In Caine, the defendant and an accomplice robbed their victim of $350 and a gun, then ran away. Caine’s conviction was reversed on the ground that Caine’s conduct did not constitute robbery in the first degree because he was not “armed with a deadly weapon” at the time of the robbery. In applying the reasoning of Caine in Buchannon, we stated that “[although Caine involved a conviction for first degree robbery under § 13A-8-41, Ala.Code (1975), that section is sufficiently similar to § 13A-7-5 for Caine to be analogous.” Thus, in the reverse situation, we believe that although Pardue involved a conviction for first degree burglary under § 13A-7-5, that Code section is sufficiently similar to § 13A-8-41, the first degree robbery statute that the reasoning in Pardue should apply in this case.
Therefore, applying the rationale of Pardue, we concluded that the robbery statute does not require that the robber be armed prior to the robbery. Instead, the robber must be “armed with a deadly weapon or dangerous weapon” during the robbery or the flight therefrom. Here, the appellant stole Henson’s gun, pointed it at Henson, threatened to shoot Henson, hit Henson above the eye with the gun, and then fled the scene. Clearly, under these facts the appellant was “armed” during the robbery and during the flight therefrom. This issue is without merit. See James v. State, 405 So.2d 71 (Ala.Crim.App.1981).
II
The appellant contends that the trial judge erred by failing to charge the jury on the offenses of resisting arrest, assault in the second degree, and assault in the third degree, which he argues are lesser included offenses of first degree robbery. These offenses are not lesser included offenses of robbery in the first degree under the facts of this case. All of the offenses are “separate and distinct offenses involving separate elements and separate acts.” Colvette v. State, 568 So.2d 319, 327 (Ala.Crim.App.1990). Thus, this issue is meritless.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.