THIRD DEPARTMENT, AUGUST, 2001

(August 2, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMIL DINSIO and JAMES DINSIO, Appellants. [729 NYS2d 208] —Rose, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered September 11, 1997, upon a verdict convicting defendants of the crimes of robbery in the first degree, kidnapping in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree.

Defendants appeal from a judgment of conviction on charges stemming from an encounter with two East Greenbush police officers on the night of October 9, 1996 at the Shop and Save Plaza located in the Town of East Greenbush, Rensselaer County. Officers Glen Rauch and Daniel Keegan were watching the plaza because they had received a tip that a black male

was "casing" one of its stores. After observing a van discharge defendants, who then walked into a wooded area adjoining the plaza carrying a canvas bag and huddled together, the officers approached defendants and identified themselves as police officers. When defendants, who were not.black, responded by running away, Rauch pursued and ultimately caught up with them. As Rauch attempted to restrain defendant James Dinsio, he was grabbed from behind by defendant Amil Dinsio. During the ensuing scuffle, one of the defendants seized Rauch's gun, placed it against Rauch's head, and threatened to kill him. Rauch stopped struggling, his coat was pulled over his head and, thus subdued, he was dragged down into a nearby culvert where defendants held him while they hid from detection. When Rauch later heard other officers searching the area, he shouted to them and wrestled the gun away from James Dinsio, leading to defendants' arrest and prosecution on charges enumerated in a seven-count joint indictment. Although defendants raise numerous grounds on appeal for reversal of the judgment of conviction, we find merit only in their contention that the trial evidence was legally insufficient to sustain two of the four charges upon which they were convicted.

Preliminarily, we find no merit in defendants' contention that the failure to immediately secure Rauch's gun deprived them of a fair trial because, if fingerprint tests had been performed on the gun, they could have provided exculpatory evidence. Although the People were obligated to preserve the gun as evidence (see, People v Kelly, 62 NY2d 516, 520), the failure to do so does not necessarily mandate reversal of the convictions. Instead, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (id., at 520), and the choice of an appropriate sanction is "committed to the sound discretion of the trial court" (id., at 521). County Court here instructed the jury that it could infer that neither of defendants' fingerprints would have been found on the gun had it been tested for fingerprints. We find that this adequately ameliorated any prejudice to defendants.

Defendants next contend that County Court erred in not conducting a Dunaway hearing (see, Dunaway v New York, 442 US 200), alleging that James Dinsio's request sufficiently raised an issue as to whether the police officers lacked reasonable suspicion for the pursuit and seizure. However, even if we were to conclude that County Court's failure to conduct a Dunaway hearing was error and assume that the officers lacked the requisite suspicion, we would find such error to be harm-

less since any taint resulting from the alleged illegal pursuit and seizure was fully attenuated by defendants' subsequent independent actions (*see, People v Manning*, 199 AD2d 621, *lv denied* 83 NY2d 855; *see also, People v Boodle*, 47 NY2d 398, 403-404, *cert denied* 444 US 969). Moreover, the evidence to be suppressed would be pertinent only to charges based on defendants' conduct prior to the seizure and for which defendants were not convicted. All of the conduct giving rise to the charges considered at trial, except a misdemeanor charge of possession of burglar's tools, occurred after the pursuit and initial seizure. Since defendants were acquitted of the charge of possession of burglar's tools and all of their convictions arose from acts committed subsequent to the seizure, the evidence supporting defendants' convictions is not directly related to the alleged illegal seizure (*see, People v Townes*, 41 NY2d 97, 102; *People v Manning, supra*, at 622).

We agree, however, that County Court erred in denying defendants' motions at the close of evidence to dismiss certain counts of the indictment for lack of legal sufficiency. Robbery in the first degree as relevant here requires a showing that defendant "forcibly steals property and * * * in the course of the commission of the crime * * * he or another participant in the crime * * * [i]s armed with a deadly weapon" (Penal Law § 160.15 [2]). We find, as defendants contend, that while defendants were shown to have robbed Rauch of his weapon, there was no proof that they robbed him with a weapon. Put another way, the weapon was the property stolen rather than the means by which property was stolen (*see, People v Williams*, 63 AD2d 1035; *cf., People v Diaz*, 129 AD2d 968, 969, *lv denied* 70 NY2d 710). However, since we find that the evidence did establish robbery in the second degree, which, as applicable here, requires only a showing that a person "forcibly steals property and * * * is aided by another person actually present" (Penal Law § 160.10 [1]), defendants' convictions for robbery in the first degree must be reduced to convictions for robbery in the second degree (*see, People v Wilson*, 252 AD2d 241, 248; *People v Williams, supra*, at 1035).

Turning next to defendants' convictions for kidnapping in the second degree (*see*, Penal Law § 135.20), we disagree that the merger doctrine requires reversal. "The merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Cassidy*, 40 NY2d

763, 767; *see, People v Gonzalez*, 80 NY2d 146, 153). It is "preliminary, preparatory, or concurrent action that the rule is designed to recognize" (*People v Miles*, 23 NY2d 527, 539, *cert denied* 395 US 948). Thus, where, as here, the crime of robbery was committed and completed prior to defendants' subsequent activity of subduing Rauch, dragging him into a culvert and holding him there with a deadly weapon in an effort to avoid apprehension, the doctrine should not be applied (*see, People v Blanchard*, 177 AD2d 854, 855, *lv denied* 79 NY2d 918). Accordingly, County Court properly viewed the abduction as a discrete crime and there was sufficient evidence to support defendants' convictions for kidnapping in the second degree.

We also disagree with defendants' challenge to their convictions for criminal use of a firearm in the first degree, since the criterion that a defendant "commit[ ] any class B violent felony offense as defined in paragraph (a) of subdivision one of section 70.02" (Penal Law § 265.09 [1]) is satisfied here by the crime of kidnapping in the second degree (*see*, Penal Law § 135.20). Additionally, defendants contend that there was insufficient evidence of Rauch's gun being loaded and operable to sustain their convictions for either criminal use of a firearm in the first degree (*see*, Penal Law § 265.09 [1]) or criminal possession of a weapon in the second degree (*see*, Penal Law § 265.03). Although we view the evidence as sufficient to support the jury's finding that the gun was loaded and operable (*see, People v Cavines*, 70 NY2d 882), we must agree with defendants that the latter charge of criminal possession of a weapon in the second degree nevertheless must be dismissed because it is an inclusory concurrent count of the charge of criminal use of a firearm in the first degree (*see, People v Luster*, 148 AD2d 305, 306, *lv denied* 74 NY2d 666).

We have considered defendants' remaining contentions and find them to be without merit.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, by reversing defendants' convictions for criminal possession of a weapon in the second degree and by reducing defendants' convictions for robbery in the first degree to robbery in the second degree; vacate the sentences imposed on said convictions and matter remitted to the County Court of Rensselaer County for resentencing as appropriate; and, as so modified, affirmed.