■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN OLIVER, Appellant. [731 NYS2d 358] —Judgments, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered March 15, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and convicting him, upon his plea of guilty, of the same crime, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the remarks in question were fair comment on the evidence and were responsive to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL SANCHEZ, Appellant. [731 NYS2d 358] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered October 28, 1997, convicting defendant, after a jury trial, of unlawful imprisonment in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility, and defendant's acquittal of certain counts does not warrant a contrary conclusion (*see, People v Rayam*, 94 NY2d 557).

Defendant's claim that his conviction of unlawful imprisonment merged with the robbery counts upon which he was acquitted is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the complainant's forcible restraint in the back seat of his cab occurred after the conclusion of the robbery. As such, the restraint and the underlying crime are discrete and separate acts rendering the merger doctrine inapplicable (*People v Gonzalez*, 80 NY2d 146, 152). Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.