■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY ENCARNACION, Appellant. [737 NYS2d 6] —Judgment, Supreme Court, New York County (George Daniels, J., at *Huntley* hearing; Bruce Allen, J., at jury trial and sentence), rendered June 19, 2000, convicting defendant of robbery in the first degree, kidnapping in the second degree, criminal use of a firearm in the first degree, robbery in the second degree (two counts) and endangering the welfare of a child, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, 12 years, 12 years, 5 years, 5 years and time served, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer's questioning of defendant, without *Miranda* warnings, about the location of a firearm was proper given the presence in the apartment of a concealed weapon and a young child, which posed a substantial threat to a number of people. Thus, the questions were necessary to secure the safety of the officers and the innocent bystanders (*see, New York v Quarles*, 467 US 649; *People v Oquendo*, 252 AD2d 312, *lv denied* 93 NY2d 901). The record clearly establishes that the situation was volatile and dangerous at the time of the officer's inquiry.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the crime of kidnap-

ping in the second degree provided a proper predicate crime for defendant's conviction of criminal use of a firearm in the first degree (*People v Dinsio*, 286 AD2d 517, 520), and that the merger doctrine does not require vacatur of the kidnapping conviction since the restraint of the victim and the underlying crime were discrete acts (*see, People v Sanchez*, 287 AD2d 295). Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.