*435 OPINION OF THE COURT
Sheryl L. Parker, J.
The court has inspected the grand jury minutes in camera.
Defendant was indicted for offenses arising from the taking of a 1997 Lincoln Town Car from its livery cab driver. Specifically, defendant was charged with two counts of robbery in the second degree, robbery in the third degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, petit larceny, and unauthorized use of a vehicle in the first and third degrees. An inspection of the grand jury minutes reveals that there was insufficient evidence to support several of the charges.
Unauthorized Use of a Vehicle in the First Degree
Unauthorized use of a vehicle in the first degree is committed when a person uses a vehicle without the owner’s consent with the intent to use the vehicle in the commission of a class A, B, C or D felony, or in the immediate flight therefrom. (Penal Law § 165.08.) The People allege in this matter that the defendant, with two unapprehended others, entered a livery car and demanded that the driver drive in a certain direction or he would kill him. The cab driver got out of the vehicle and the defendant drove the vehicle away. The People contend that the taking of the livery car constitutes robbery and that robbery was the felony the defendant intended to commit when he took the vehicle. The evidence presented indicates that the defendant intended to steal the vehicle. There was no evidence that he took the vehicle with the intent to commit any other felony.
The distinctive feature of unauthorized use of a vehicle in the first degree is that a vehicle is taken to be used during or fleeing from the commission of a felony. The legislative intent was to aggravate the misdemeanor “joy-riding” when that “borrowing” of the vehicle serves to facilitate the commission of a felony. (Sponsor’s Mem, Bill Jacket, L 1982, ch 413.) The intent was not to make unauthorized use of a vehicle in the first degree a lesser included offense of any larceny that happened to involve a vehicle.
A comparison can be made to the reasoning in People v Williams and its progeny. (63 AD2d 1035 [1978].) In Williams, the defendant and another were stopped by a police officer in their vehicle. The defendant fled and the officer gave chase. A struggle ensued. During the struggle the defendant removed the officer’s gun from his holster. The defendant then fled. The indictment *436 charged defendant with robbery in the first degree in that he forcibly stole property, the weapon, and in the immediate flight therefrom he was armed with a deadly weapon, that is, the weapon he took from the officer. In dismissing the charge, the Court in Williams held that “[t]he fact that the stolen property is a deadly weapon does not in and of itself convert the robbery into a robbery in the first degree, i.e., robbery while armed with a deadly weapon.” (Williams, 63 AD2d 1035, 1035 [1978], supra; Penal Law § 160.15 [2].) In a similar fact pattern, the Courts have held, “the weapon was the property stolen rather than the means by which property was stolen.” (People v Dinsio, 286 AD2d 517, 519 [2001], lv denied 97 NY2d 703 [2002], cert denied 536 US 942 [2002].)
There are distinguishable scenarios such as the one in People v Diaz (129 AD2d 968 [1987]). In Diaz, the defendant stole a vehicle from its owner. When defendant began to drive away, the owner, attempting to prevent the theft, jumped on the hood of the vehicle. As the owner clung to the car, the defendant drove at a high rate of speed in an attempt to escape the police. When the car the defendant was driving collided with another vehicle, the owner was seriously injured. Defendant was charged with robbery in the first degree in that he forcibly stole property, the vehicle, and in the course of the commission, or in the immediate flight therefrom, he used or threatened the immediate use of a dangerous instrument, i.e., that same vehicle. (Penal Law § 160.15 [3].) The Diaz court found the facts to be distinguished from Williams. In Diaz, the theft was the taking of the vehicle. The force occurred when the defendant used the vehicle to forcibly maintain possession of the property he had just stolen. The vehicle did not become a dangerous instrument until the defendant then used it in a dangerous manner. Thus, it was a two-step process.
In the case at bar, the defendant acted in one step: He stole the livery cab from its rightful owner. The People attempt to bootstrap the charge of unauthorized use of a vehicle in the first degree by claiming that the act of driving away in the stolen property was the use of a vehicle in the commission of, or fleeing from, a felony. This circular reasoning does not support the charge. Accordingly, count seven is dismissed as legally insufficient.
Criminal Possession of Stolen Property in the Third and Fourth Degrees
The defendant is charged with criminal possession of stolen property in the third degree and criminal possession of *437 stolen property in the fourth degree, charging the defendant with possessing a stolen vehicle valued at more than $3,000 and $100 respectively. (Penal Law §§ 165.50, 165.45 [5].) Although common sense would indicate that a working 1997 Lincoln Town Car being used as a livery cab would be worth at least $100, the case law has set forth specific requirements for the establishment of value in the grand jury. In People v Lopez (79 NY2d 402 [1992]), the Court of Appeals held that in order to adequately prove value in the grand jury, a witness testifying must provide a basis for his or her opinion of the property’s worth. Estimates or unsupported opinion are not enough. The Court of Appeals has also held that testimony of the automobile’s “blue book” current value for a car of that model and year, along with the current condition of the vehicle, is sufficient to satisfy a basis for a witness’s opinion of the car’s worth. (People v Williams, 74 NY2d 675 [1989].) Testimony of the property’s value at the time of purchase will not be sufficient to sustain an indictment. (People v Harold, 22 NY2d 443 [1968]; People v Sweeney, 125 AD2d 978 [1986].)
Here, the prosecutor simply asked the witness how much the vehicle was worth without establishing the vehicle’s condition, how much the owner paid for it or the value as recorded in the accepted authorities, such as a nationally recognized listing for the value of new and used vehicles. Accordingly, due to the People’s failure to elicit legally competent evidence of the automobile’s value, counts four and five must be dismissed as legally insufficient.
As to the remaining counts, the evidence adduced before the grand jury was legally sufficient to establish the finding of the indictment (People v Pelchat, 62 NY2d 97 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]). The Assistant District Attorney correctly charged the grand jury with respect to the applicable law.
Further reduction of any other count of the indictment is not warranted.