Cite as 2020 Ark. App. 43

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–19–602

| | | |
|---|---|---|
| J.B.G. | | **Opinion Delivered:** January 22, 2020 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72JV-19-131] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### MIKE MURPHY, Judge

JBG appeals the order of the Washington County Circuit Court transferring his case from the juvenile division to the criminal division of the circuit court. On appeal, he argues that the circuit court erred in finding that his case was eligible for transfer under Arkansas Code Annotated section 9-27-318(b)(1) and (2) (Repl. 2015). We affirm.

On March 3, 2019, a delinquency petition was filed against fifteen-year-old JBG for crimes stemming from an alleged burglary of an Ace Hardware store in Prairie Grove, Arkansas. The State alleged that JBG, along with three others, broke into the store; destroyed a glass door, an alarm system, and two gun cases; and stole seventy-seven firearms. JBG was charged with accomplice to theft of property, a Class B felony; accomplice to commercial burglary, a Class C felony; minor in possession of a handgun, a Class D felony; and accomplice to criminal mischief in the first degree, a Class D felony.

On March 15, 2019, the State filed a motion to transfer JBG's case from the juvenile division to the criminal division of the circuit court. JBG opposed the motion, and a hearing was held on the State's motion on April 9, 2019. At that hearing, the court first heard testimony from Captain Jeff O'Brien of the Prairie Grove Police Department. Captain O'Brien testified that there was a burglary on February 15, 2019, at Ace Hardware in Prairie Grove. Approximately seventy-seven firearms were stolen. The suspects also destroyed a glass entry door and two large glass gun cases.

Captain O'Brien testified his investigation led him to JBG and three other individuals. O'Brien testified that one of the individuals admitted to police that JBG was with him during the burglary. Another one identified JBG in a photograph taken from the hardware store's surveillance footage. He testified that at the time of the hearing, police had recovered only twenty-seven of the firearms and that several of them had been used in the commission of crimes. Detective O'Dell of the Fayetteville Police Department testified that one firearm had been used in a homicide. JBG's probation officer also testified. At the conclusion of the State's evidence, JBG moved to dismiss the motion to transfer, arguing that his case should not be transferred to the criminal division of the circuit court because there was no evidence that he committed a felony while armed with a firearm. He further argued that his case was not eligible for transfer pursuant to Arkansas Code Annotated section 9-27-318(b)(2), because there was no evidence he possessed a handgun for the purpose of felony possession of a handgun by a minor. The court ruled against JBG and granted the State's motion to transfer. JBG now appeals, arguing that the circuit court erred

by finding that his case was eligible for transfer to the criminal division pursuant to Arkansas Code Annotated section 9-27-318(b)(1) and (2).

Under Arkansas Code Annotated section 9-27-318(b), when certain conditions are met, the State may file a motion in the juvenile division of circuit court to transfer a case to the criminal division of circuit court. Relevant here, the State may do so when the case involves a fifteen-year-old juvenile who commits a felony while armed with a firearm or when a juvenile at least fourteen years old engages in conduct that constitutes a felony under Arkansas Code Annotated section 5-73-119(a) (Supp. 2019).[1] Ark. Code Ann. § 9-27-318(b)(1)(F), (b)(2).

On appeal, JBG argues that the circuit court erred when it found that he committed the crimes "while armed with a firearm" because there was no proof that JBG or any of the others possessed a firearm before they stole the firearms. That is, they did not commit the crimes while armed. He argues that the act of stealing firearms does not mean that he was armed while committing the act. He further argues that there was no evidence or testimony that he possessed a handgun as contemplated under section 9-27-318(b)(2).

The moving party bears the burden of proving that the case should be transferred. *Brown v. State*, 2016 Ark. App. 254, at 4, 492 S.W.3d 126, 129. The court shall order the case transferred to another division of the circuit court only upon a finding by clear and

---

[1]Arkansas Code Annotated section 5-73-119(a)(1) states that no person in Arkansas under eighteen years of age shall possess a handgun. A handgun is defined as any firearm, other than a fully automatic firearm, with a barrel length of less than twelve inches that is designed, made, or adapted to be fired with one hand. Ark. Code Ann. § 5-73-301(4) (Supp. 2019). A violation of section 5-73-119(a)(1) is a Class D felony if the person has previously been adjudicated delinquent for any offense that would be a felony if committed by an adult. Ark. Code Ann. § 5-73-119(a)(2)(B)(ii).

convincing evidence that the case should be transferred. Ark. Code Ann. § 9-27-318(h)(2). Clear and convincing evidence is the degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *R.W.G. v. State*, 2014 Ark. App. 545, 444 S.W.3d 376. We will not reverse a circuit court's determination of whether to transfer a case unless that decision is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Id.*

JBG first argues that because he became armed only by virtue of the crime he was committing, he was not, then, committing the crime while armed. JBG would have this court adopt the "loot doctrine," which provides that if the firearm is loot obtained in the course of a burglary, then the defendant is not "armed" as contemplated under the firearm-enhancement statutes. *See, e.g.*, *People v. Williams*, 63 A.D.2d 1035 (N.Y. App. Div. 1978). Thus, he reasons, his case is not eligible for transfer under Arkansas Code Annotated section 9-27-318(b)(1)(F). We need not address this argument, however, because JBG's case is also eligible for transfer due to his possession of a handgun under subsection (b)(2). Ark. Code Ann. § 9-27-318(b)(2).

JBG contends subsection (b)(2) is inapplicable because there was no evidence that he committed a felony while armed with a firearm. However, JBG's accomplice identified him in the surveillance photo that showed them burglarizing the hardware store where they stole seventy-seven firearms and damaged property, and Detective O'Dell testified that one of the recovered firearms was a Smith & Wesson Mag .460—a handgun. Though JBG argues that there was never any proof that he possessed a handgun, at the very least, his accomplices

4

possessed the firearms as they were taking them from the hardware store. "An accomplice, even of minor age, is responsible for the activities of his cohort." *Holmes v. State*, 2019 Ark. App. 21, at 6, 569 S.W.3d 895, 899. It was therefore not clearly erroneous for the circuit court to find JBG in possession of a firearm. Thus, his case was eligible for transfer to the criminal division pursuant to Arkansas Code Annotated section 9-27-318(b)(2), and the circuit court's decision to transfer JBG's case to the criminal division was not clearly erroneous.

Affirmed.

GRUBER, C.J., and GLADWIN, J., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.